# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2024

Lyle W. Cayce
Clerk

No. 24-10020

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TELASA CLARK, III,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-177-5

_____

Before HO, ENGELHARDT, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Telasa Clark, III, pro se, appeals the district court's denial of his second motion for compassionate release. He raises two arguments. First, he argues that the court failed to consider Amendment 814 to the Sentencing Guidelines in determining whether "extraordinary and compelling reasons" justified release. Second, he argues that the court incorrectly weighed the 18 U.S.C. § 3553(a) factors. But the court did not abuse its discretion in

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-10020

weighing those § 3553(a) factors. And that analysis independently supports the court's judgment. So we affirm.

I.

Clark was part of an elaborate armed-robbery scheme from 1999 to 2000. During that time, he and his co-defendants targeted banks, grocery stores, armored cars, and more. They often used firearms to threaten passersby and force them into submission. All told, Clark helped steal more than $150,000.

He was eventually indicted on 19 charges. As part of a plea agreement, he pleaded guilty to one count of bank robbery and aiding and abetting, as well as two counts of using and carrying a firearm during and in relation to a crime of violence and aiding and abetting. The government dismissed the remaining charges. The district court sentenced Clark to 600 months' imprisonment and 5 years' supervised release.

Clark filed his first motion for compassionate release in 2019. The court denied it, noting only that Clark failed to demonstrate any extraordinary or compelling reasons for release. Our court remanded for reconsideration in light of *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021). *See United States v. Clark*, 853 F. App'x 955, 956 (5th Cir. 2021) (per curiam). The district court then denied the motion again, explaining that Clark still failed to demonstrate any extraordinary or compelling reasons for release. It added that Clark's "serious[]" conduct indicated he was "a danger to the community." The § 3553(a) factors thus counseled against release.

Clark filed the present motion for compassionate release in 2023. Unlike the first motion, this one relies on Amendment 814 to the Sentencing Guidelines—a change that "expanded the list of extraordinary and compelling reasons upon which compassionate release may be based."

2

*United States v. Vazquez*, 2024 WL 4326542, at *1 (5th Cir. Sept. 27, 2024) (per curiam). Still, the district court denied it. This denial order does not mention Amendment 814 and largely mirrors the order on remand. Clark appealed.

## II.

Clark challenges the district court's latest denial in two ways. First, he argues that the court erred in failing to address Amendment 814. Second, he argues that the court necessarily erred in weighing the § 3553(a) factors because Amendment 814 would have affected that assessment. We review both arguments for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020).

For compassionate release, Clark must overcome three hurdles. *See United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022). "[H]e must prove that 'extraordinary and compelling reasons' justify a sentence reduction." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "[T]he reduction 'must be consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)(ii)). And he "must persuade the district court that his early release would be consistent with the sentencing factors in § 3553(a)." *Id.* *See also* 18 U.S.C. § 3582(c)(1)(A).

Clark initially focuses on the first two hurdles. He says that his motion was based on Amendment 814. That Amendment designated "unusually long sentence[s]" as "extraordinary and compelling reasons" for compassionate release. *See* U.S.S.G. § 1B1.13(b)(6) (2023). And Clark allegedly fit the bill. Yet the district court was silent on that Amendment in its denial order. According to Clark, this silence constitutes an abuse of discretion.

But we needn't consider this first argument to resolve his appeal. "[W]e have regularly affirmed the denial of a compassionate-release

motion . . . where the district court's weighing of the [§] 3553(a) factors can independently support its judgment." *United States v. Jackson*, 27 F.4th 1088, 1092–93 n.8 (5th Cir. 2022). *See also Vazquez*, 2024 WL 4326542, at *1; *Ward v. United States*, 11 F.4th 354, 360–62 (5th Cir. 2021). And such is the case here.

The court turned to the § 3553(a) factors near the end of its order. It stated: "Even if [Clark] did qualify for early release under the First Step Act, the Court would not grant such relief." This was for several reasons, but the court emphasized a few: His conduct was "serious" and ultimately indicated that he was "a danger to the community." *See* 18 U.S.C. § 3553(a)(2)(A), (C). These grounds independently support the court's denial. *See United States v. Garrett*, 2024 WL 4708982, at *1 (5th Cir. Nov. 7, 2024) (per curiam).

This is where Clark's second argument kicks in. He insists that the court's § 3553(a) analysis is problematic, largely because the latest denial "mirror[s]" the order on remand. The order on remand pertained to his first motion—not his second. And only his second motion relied on Amendment 814. It follows, Clark says, that the court gave improper weight to some § 3553(a) considerations—namely, his age, the fact that he'd served less than half of his sentence, and the danger he posed to the community.

This argument is not persuasive. We read his brief to suggest that the court should not have considered these factors at all—or should have considered them differently—under Amendment 814. But all three factors exist separately from the Amendment. *See* 18 U.S.C. § 3553(a)(1), (2)(C). And, at any rate, the court leaned heavily into two factors: the seriousness of Clark's conduct and the danger he poses to the community. These factors are relevant to *any* compassionate-release motion. So it doesn't matter that the order on remand addressed a different compassionate-release motion

than the latest denial. These grounds independently support denial either way.

Otherwise, Clark seemingly disagrees with how the court weighed the § 3553(a) factors. Disagreement, however, is "insufficient to show an abuse of discretion." *Chambliss*, 948 F.3d at 694.

We affirm.